UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
WILLIAM M. NICKERSON
SENIOR UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND  21201
(410) 962-7810
FACSIMILE (410) 962-2577

December 4, 2014

Mr. Rideout & Counsel of Record

Re:   Rideout v. Futurecare Rehabilitation Services, Inc.
      Case No. WMN-14-994

Dear Mr. Rideout and Counsel:

  I am in receipt of Mr. Rideout's Memorandum Regarding Plaintiff's Claim of Title VII Violation, ECF No. 35, which he submitted in response to the Court's Order to provide an explanation as to his intention to bring a Title VII claim.  In this explanation, Rideout concedes that he "does not belong to a 'protected class'" but argues that such membership is not a necessary element or prerequisite "to claim a Violation of Title VII by his/her employer."  Id. at 1.  He argues that his protected activity under Title VII was opposing the unlawful act of billing inflation contrary to Maryland law.

  Opposition to potentially illegal billing practices does not constitute a protected activity under Title VII.  42 U.S.C. § 2000e-3 prohibits employers from discriminating against an employee because the employee opposed an unlawful employment practice related to Title VII.  Gethers v. Harrison, __ F. Supp. 2d ___, Civ. No. 5:12-CV-430-F, 2014 WL 2616629,  *7 (E.D.N.C. June 12, 2014) ("[P]rotected activity falls into two categories: participation activity or opposition activity.  Participation activity refers to activity in formal Title VII EEOC proceedings.  Opposition activity includes complaints about alleged discriminatory activities.") (citations omitted).  An unlawful employment practice related to Title VII is one which discriminates against a member of a protected class based on the member's race, color, sex, religion, or national origin.  Laughlin v. Metropolitan Washington Airports Authority, 149 F.3d 253, 259 (4th Cir. 1998).   Therefore, membership in a protected class, or opposing an employment practice that discriminates against a protected class, is a prerequisite to a Title VII suit.  Allegedly fraudulent billing practices, by their nature, do not discriminate against a class of people based on their race, color, sex, religion, or national origin.  Thus, Mr. Rideout has conceded he cannot bring a Title VII claim, which is the sole basis for this Court's jurisdiction.

  Mr. Rideout argues, in the alternative, that he has a potential False Claims Act (FCA) or Fraud Enforcements and Recovery Act (FERA) claim and requests that the Court treat his submission as a motion to amend so that he may add those claims.  ECF No. 35 at 4.  The current complaint before the Court constitutes the Second Amended Complaint. Mr. Rideout amended his complaint once while the case was in state court.  This Court then granted Mr. Rideout leave to amend a second time in August, 2014, despite that amendment being outside the window of

amendments per the Scheduling Order.  ECF No. 23.  This Court granted Mr. Rideout's motion to amend on the grounds that the amendments were not "substantive in nature," only "clarify[ied] his contentions against Defendant," and was not "at all" prejudicial to FutureCare. Id. at 1.

The situation at hand is of an entirely different nature.  Mr. Rideout's request constitutes a wholesale revision of his federal cause of action against FutureCare, under the principals of "whistleblower" protection rather than race, sex, age, national origin, or disability discrimination. This request also comes well after the close of discovery. In contrast, the Court noted in its prior order that, when Mr. Rideout requested leave to file a Second Amended Complaint, "ample time remain[ed] for Defendant to request any additional discovery materials, should additional materials be necessary in light of the" amendments.  ECF No. 23 at 2.  Now, time has0 run out and allowing the amendment would require FutureCare to develop new defenses without the benefit of discovery.  FutureCare would suffer significant prejudice if Mr. Rideout is allowed to amend his complaint a third time and bring in entirely new claims.  Because of the foregoing, the Court will deny Mr. Rideout's motion to amend his complaint to add FCA and FERA causes of action.[1]

Thus, the Court hereby orders the Clerk of the Court to remand this case back to the Circuit Court for Baltimore County.  Notwithstanding the informal nature of this correspondence, it is an order of the Court and will be docketed as such.

Sincerely,

_____/s/_____
William M. Nickerson
Senior United States District Judge

cc: Court File

---

[1] Mr. Rideout mentions that he "will consider filing a future suit based on FCA and FERA, likely redirecting this case (or subsequent case) back in this court." ECF No. 35 at 4.  The Court does not find this reasoning to be an appropriate ground for granting leave to amend, and cautions Mr. Rideout that in considering future suits, he may have to contend with statute of limitations or claim preclusion issues.